UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DENNIS AKINS                                                        CIVIL ACTION

VERSUS                                                              NO. 05-6608

CHET MORRISON OFFSHORE, L.L.C.                                      SECTION "N" (3)

### ORDER AND REASONS

Presently before the Court is Defendant's motion for summary judgment (Rec.Doc. No. 57). For the reasons stated herein, **IT IS ORDERED** that Defendant's motion **DENIED**.

Plaintiff was injured on or about November 21, 2005, while working aboard CM-9, is a lay barge owned by Defendant. Defendant was Plaintiff's employer at that time. Plaintiff was working as a rigger in connection with the barge's repairs of damaged pipelines.

Defendant's motion for summary judgment seeks a determination that Plaintiff is not a seaman for purposes of the Jones Act. The Fifth Circuit's decision in *Becker v. Tidewater, Inc.*, 335 F.3d 376 (5th Cir. 2003) sets forth the legal principles governing a determination of seaman status. There, the Court of Appeals explained:

> To determine if an individual worker is a seaman, and therefore entitled to the protections of the Jones Act, the Supreme Court has established a two-prong test. First, "an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission." [*Chandris, Inc. v. Latsis*, 515 U.S. 347, 368, 115 S. Ct. 2172, 2190 (1995)]. Second, "a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both duration and nature." *Id.*
>
> The Supreme Court in *Chandris* admitted that satisfying the first prong of the test is relatively easy: the claimant need only show that he "do[es] the ship's work." *Id. See also In re Endeavor Marine, Inc.*,

234 F.3d 287, 290 (5th Cir. 2000). This threshold requirement is "very broad," encompassing "all who work at sea in the service of a ship." *Chandris*, 515 U.S. at 368, 115 S. Ct. 2172 (internal citations and quotation marks omitted).

\* \* \* \*

Turning to the second prong . . . [t]he requirement of a substantial connection to a vessel is intended "to separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who have only a transitory or sporadic connection to a vessel in navigation." *Id.* As the Supreme Court has noted,

> the total circumstances of an individual's employment must be weighed to determine whether he had a sufficient relation to the navigation of the vessels and the perils attendant thereon. The duration of the worker's connection to a vessel and the nature of the worker's activities taken together, determine whether a maritime employee is a seaman because the ultimate inquiry is whether the worker in question is a member of the vessel's crew or simply a land-based employee who happens to be working on the vessel at a given time.

*Id.* at 370, 115 S. Ct. 2172 (internal citations and quotation marks omitted). Importantly, this second prong constitutes a "status-based" standard – *i.e.*, "it is not the employee's particular job that is determinative [of seaman status], but the employee's connection to a vessel." *Id.* at 364, 115 S. Ct. 2172.

\* \* \* \*

While seaman status is not simply a temporal concept, the amount of time a worker spends aboard a vessel in navigation is helpful in determining if that worker has attained seaman status. *See id.* at 371, 115 S. Ct. 2172. This circuit has quantified the duration of time necessary to allow submission of the issue of seaman status to a jury by using a 30 percent rule of thumb. "[A]s a general rule, [a worker] must show [substantial duration] by demonstrating that 30 percent or more of his time is spent in service of that vessel." *Roberts v. Cardinal Servs. Inc.*, 266 F.3d 368, 375 (5th Cir.2001). The Supreme Court [has] endorsed this thirty-percent rule:

> Generally, the Fifth Circuit seems to have identified an appropriate rule of thumb for the ordinary case: A worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act. This figure of course serves as no more than a guideline established by years of experience, and departure from it will certainly be justified in appropriate cases . . . . And where undisputed facts reveal that a maritime worker has a clearly inadequate temporal connection to vessels in navigation, the court may take the question from the jury by granting summary judgment or a directed verdict.

*Chandris*, 515 U.S. at 371, 115 S. Ct. 2172.  FN7  Importantly, the Supreme Court has articulated an exception to temporal guidelines, such as our thirty-percent benchmark. *Id.* at 372, 115 S. Ct. 2172. First, an employee who has worked for years in an employer's shoreside headquarters and who is then reassigned to a ship in a classic seaman's job qualifies for seaman status even if he is injured shortly after reassignment. *Id.* Second, a worker who has been reassigned to a land-based job cannot claim seaman status based on prior service at sea. *Id.* The Court summed up these two exceptions by noting that "[i]f a maritime employee receives a new work assignment in which his essential duties are changed, he is entitled to have the assessment of the substantiality of his vessel-related work made on the basis of his activities in his new position." *Id.* Thus, a worker who, over the course of his employment, has worked in the service of a vessel in navigation well under thirty percent of his time may still qualify for seaman status if he has been reassigned to a new position that meets this temporal requirement. *See id.*

\* \* \* \*

FN7. After *Chandris*, this circuit reaffirmed the 30-percent rule. In *Nunez v. B&B Dredging, Inc.*, 288 F.3d 271, 277 (5th Cir.2002), it was held that because the plaintiff spent only approximately 10 percent of his work time aboard a vessel in navigation, he did not qualify for seaman status as a matter of law.

*See Becker*, 335 F.3d at 387-89.  Regarding the second prong, an "identifiable group" of vessels is a "finite group of vessels under common ownership or control."  *Harbor Tug and Barge Co., v.*

*Papai*, 520 U.S. 548, 560, 117 S. Ct. 1535, 1541, 1543 (1997).

Having reviewed the parties' summary judgment submissions, the Court cannot find, as a matter of law, that Plaintiff cannot satisfy the 30% rule.  Defendant asserts that Plaintiff was hired on October 24, 2005, worked in Defendant's yard, *i.e.*, on land, for 3-4 weeks, and that he worked on the CM-9 for only four days prior to his injury.  Significantly, however, Plaintiff counters that he worked a total of 160 hours for Defendant prior to his injury.  Forty-eight (48) of those hours were on the barge; 112 of those hours were on land.  Using these numbers, thirty percent (30%) of Plaintiff's total working hours were spent on the barge.  Further, if his injury had not prevented Plaintiff from completing the entire 14-day "hitch" aboard the barge, the percentage of his barge work time would have been significantly higher.  Finally, Plaintiff's assignment to the barge arguably constituted a re-assignment of his job duties.

Given the foregoing, Defendant's motion for summary judgment is **DENIED.**

New Orleans, Louisiana, this __14th__ day of April 2008.

_____
**KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE**

Clerk to Copy:
Magistrate Judge Daniel Knowles, III